[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an in rem action against the defendant 1985 Gray Buick Automobile owned by the defendant, Mark Mathis[1], which was seized by the Hartford Police Department on December 2, 1992, incident to Mathis' arrest for solicitation of prostitution.
The State moved the court for a judgment pursuant to Connecticut General Statutes (hereinafter "C.G.S."), Section 54-33g, declaring the defendant vehicle to be a nuisance and ordering its forfeiture.
On December 8, 1992, Mathis, as the registered owner of the defendant vehicle, was properly served with a summons by the Hartford Police Department, pursuant to C.G.S. § 54-33g(a), notifying him of a hearing on the seizure of his automobile scheduled for December 16, 1992. On December 16th, Mathis appeared in court, waived his right to proceed with the hearing that day and requested a continuance in order to retain an CT Page 8706 attorney. On February 18, 1993, an evidentiary hearing on the State's motion was conducted and Mathis was represented by counsel. The State filed a Memorandum in Support of the State's Request That the Court Order Forfeiture of Property Used to Facilitate a Crime on March 1, 1992. On March 8, 1993, the defendant filed a response in opposition, and the State replied to the defendant on March 12, 1993.
Having considered the entire record of this case, this court finds that the State has failed to prove by clear and convincing evidence that the defendant 1985 Gray Buick Automobile was used as a means of committing the crime of solicitation of prostitution, a violation of C.G.S § 53a-83. Accordingly, for the reasons which follow, forfeiture of the defendant vehicle is denied.
 FACTS
On December 2, 1992, the Hartford Police Department conducted an undercover sting operation aimed at reducing solicitation of prostitution in a Frog Hollow neighborhood well known for such activity. The police targeted the block between Broad and Washington Streets and New Britain Avenue and Ward Street because it is frequented by prostitutes twenty-four hours a day. The operation was a reverse prostitution detail intended to target "johns," the prostitutes' customers, by arresting them, seizing their vehicles, and seeking their forfeiture. As part of the sting, Officer Patricia Beaudin, a police decoy, or undercover female police officer, posed as a prostitute, stood on the corner of Broad Street an Allen Place and waited to be approached by a prospective customer.
At approximately 8:15 P.M., the defendant automobile was observed travelling by Officer Beaudin two or three times, slowing down near her each time. Finally, the vehicle stopped at the bottom of the hill at a stop sign on Broad Street. The driver of the car, defendant Mark Mathis, waived Officer Beaudin over, rolled down his window, and asked her whether she was going out. Beaudin asked Mathis what he wanted and he replied that he wanted oral sex in exchange for $20.00. Beaudin walked back to the curb without answering and gave a pre-arranged visual signal to other officers. Mathis drove away but was stopped nearby and arrested.
 DISCUSSION CT Page 8707
On February 10, 1993, in State v. One 1982 Gray Nissan, No. CR14-432876A, 9 CONN. L. RPTR. 132, this Court held that in order to forfeit property pursuant to C.G.S. § 54-33g, it must have been possessed, controlled, designed, intended for use, used or intended to be used as a means of committing a criminal offense not excluded by the statute. Specifically, in State v. One 1982 Gray Nissan, the Court held that in solicitation of prostitution cases, the automobile must be instrumental, not incidental to the commission of the crime.
In the instant case, the State argues that the defendant vehicle was used as a means of committing the crime of solicitation of prostitution because it was used by Mathis to "shop" for a prostitute. According to Sgt. David Kenary, "shopping" for a prostitute consists of the "john", or purchaser of sex, driving up and down the street three or four times or until he finds a prostitute he wants to solicit. Mathis, on the other hand, denies he was "shopping" for a prostitute, and claims that after he saw Officer Beaudin, he drove around the block, came back, and stopped near her.
Given the facts of this case, however, the court finds that use of the defendant vehicle was not instrumental to the solicitation of Officer Beaudin. The only officer who saw the defendant vehicle pass by more than once was Detective Franco Sanzo who testified that it passed him two or three times and each time slowed down near Officer Beaudin. Moreover, there were no other prostitutes in the area from which Mathis could "shop." Driving around the block two or three times is an insufficient nexus between the defendant vehicle and the crime of solicitation of prostitution to justify forfeiture.
 CONCLUSION
For the foregoing reasons and based on the analysis of Statev. One 1982 Gray Nissan, this Court finds that the State has failed to prove by clear and convincing evidence that the defendant 1985 Gray Buick Automobile was used as a means of committing the crime of solicitation of prostitution, in violation of C.G.S. § 53a-83. That the defendant vehicle was driven around the block two or three times before Mathis solicited Officer Beaudin is an insufficient nexus to support its forfeiture.
Accordingly, the State's request for an order declaring the CT Page 8708 defendant 1985 Gray Buick Automobile a nuisance and order of forfeiture is hereby denied. The 1985 Gray Buick Automobile which is the subject of this case is ordered returned to the owner, Mark Mathis, forthwith.
Carmen E. Espinosa